IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| PEDRO HECTOR SALCEDO, | § |
| No.31227-177, | § |
|     Defendant- Movant, | § |
| | § |
| v. | §  No. 3:03-CR-0355-M |
| | § (No. 3:05-CV-0492-M) |
| UNITED STATES OF AMERICA, | § |
|     Plaintiff- Respondent. | § |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Pursuant to the provisions of 28 U.S.C. §636(b), and an order of the Court in implementation thereof, the subject cause has previously been referred to the undersigned United States Magistrate Judge. The Findings, Conclusions, and Recommendation of the Magistrate Judge, as evidenced by his signature thereto, are as follows:

**Findings and Conclusions**

Type Case

    This is a motion to vacate or set aside sentence filed pursuant to 28 U.S.C. §2255.

Statement of the Case

    On December 5, 2003, pursuant to a plea agreement Movant plead guilty to a violation of 21 U.S.C. § 846, conspiracy with intent to distribute, and to distribute marijuana, as charged in count one of the indictment. On March 10, 2004 he was sentenced to a term of fifty-eight months imprisonment followed by a four year term of supervised release and a one hundred dollar special assessment. In accordance with the terms of the agreement the remaining counts of the indictment against Salcedo were dismissed on motion of the government. He did not file a direct appeal from his conviction and sentence.

Movant's timely §2255 motion was filed on March 10, 2005.  Process has not been issued in this case.

Findings and Conclusions

Movant alleges that his conviction was obtained by a plea of guilty that was involuntarily given, that his conviction was obtained by the use of evidence obtained pursuant to an unlawful arrest, that his conviction was obtained by a violation of the privilege against self-incrimination, that his conviction was obtained by a violation of the protection against double jeopardy, that he was denied the effective assistance of counsel, and that he was denied the right to appeal.

Movant waived his right to appeal or to file a § 2255 motion except for on certain specified grounds[1] as part of his plea agreement. (*See* Plea Agreement at 4-5).  There is no indication in the record that Salcedo's plea was involuntary. (*See* Tr.  of Rearraignment Hearing Before the Honorable Barbara M. G.  Lynn U.S. District J.  at 16-18).  Therefore, he "will be held to the bargain to which he agreed." *United States v. Portillo*, 18 F.3d 290, 293 (5th Cir.  1994); *see also United States v.  McKinney*, 406 F.3d 744, 746 (5th Cir.  2005).  Thus, the only issue Movant can raise in this proceeding is that of ineffective assistance of counsel.

Salcedo's attorney's conduct is governed by the standards set out in *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052 (1984).  There is a strong presumption that an attorney's conduct falls within the broad range of reasonable professional assistance required under the Sixth Amendment. *Id.* at 690, 104 S.Ct at 2065.  To overcome this

---

[1] He reserved the right to "bring (a) a direct appeal of (i) a sentence exceeding the statutory maximum punishment, (ii) an upward departure from the guideline range deemed applicable by the district court, or (iii) an arithmetic error at sentencing, and (b) a claim of ineffective assistance of counsel."(Plea Agreement at 5).

2

presumption a habeas movant must establish that the attorney's conduct was constitutionally deficient (cause) and that but for such unprofessional errors the result probably would have been different (prejudice).  Failure to prove either prong of the two part test forecloses relief. *Id* at 698, 104 S.Ct. at 2069.

Salcedo alleges that his attorney was ineffective because he erroneously informed him that he would have to wait a year before appealing his conviction.  However, Movant had the right to bring a direct appeal for only three reasons besides ineffective assistance of counsel, and he does not allege that any of those three circumstances existed in this case.  Therefore he has failed to show that his attorney's alleged error prejudiced him. *See, e.g., Lockhart v. Fretwell*, 506 U.S. 364, 372, 113 S.Ct. 838, 844 (1993)("Unreliability or unfairness does not result if the ineffectiveness of counsel does not deprive the defendant of any substantive or procedural right to which the law entitles him.").

**RECOMMENDATION**

Movant has failed to show that he is entitled to relief pursuant to 28 U.S.C. § 2255.  It is therefore recommended that the petition be denied and dismissed.

A copy of this recommendation shall be transmitted to Movant.

Signed this 24th day of June, 2005.

*[signature: Wm. F. Sanderson, Jr.]*

_____
Wm. F. Sanderson Jr.
United States Magistrate Judge

NOTICE
In the event that you wish to object to this recommendation, you are hereby notified that you must file your written objections within ten (10) days after being served

3

with a copy of this recommendation.  Pursuant to *Douglass v. United Servs. Auto Ass'n*, 79 F.3d 1415 (5th Cir. 1996)(*en banc*), a party's failure to file written objections to these proposed findings of fact and conclusions of law within such ten (10) day period may bar a *de novo* determination by the district judge of any finding of fact and conclusion of law and shall bar such party, except upon grounds of plain error, from attacking on appeal the unobjected to proposed findings of fact and conclusions of law accepted by the district court.